Richard A. La Cava
Richard A. La Cava
Attorney at Law
3814 24th Street, Suite 202
San Francisco, CA 94114
(415) 282-8960, State Bar #13565
richard@lacavalaw.com
www.lacavalaw.com

Attorney for Debtor:
 OLLIE M. FERGUSON, DEBTOR

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No 13-30790HLB-13 |
| OLLIE M. FERGUSON, | APPLICATION FOR APPROVAL OF ATTORNEYS FEES |
| Debtor. | |

1. Debtor(s)' attorney, Richard A. La Cava, requests the approval of attorneys fees in the sum of $4,350.00 pursuant to the attorneys fee disclosure statement filed with the Court and the Guidelines for Payment of Attorney's Fees in Chapter 13 Cases (San Francisco and San Jose Division). Of the sum requested, the amount of $0.00 has been previously paid to the debtor(s)' attorney. In addition to the basic case, the debtor(s)' case involves:

  _XX_ Real property claims

  _ Additional Parcel's of Real Property

  _ State or federal tax claims

  _ Vehicle loans or leases

  _ An operating business

  _ Twenty-Five or more Creditors

___ Child and or domestic support claims

___ Student loan claims

___ Motions to Extend Stay

___ Motions to Avoid Lien

2. A copy of the RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 DEBTORS AND THEIR ATTORNEYS, executed by the debtor(s) and debtor(s)' attorney, is attached hereto.

3. All fees are subject to Court approval, whether paid in advance or through the plan.

Dated: September 5, 2013

                                                Richard A. La Cava/S/
                                                Richard A. La Cava
                                                Attorney at Law
                                                3814 24th Street, Suite 202
                                                San Francisco, CA 94114
                                                (415) 282-8960, State Bar #135653
                                                Richard A. LaCava

In re: OLLIE M. FERGUSON et al.                Case No. 13-30790HLB-13
United States Bankruptcy Court
Northern District of California
San Francisco Division

**RIGHTS AND RESPONSIBILITIES OF CHAPTER 13
DEBTORS AND THEIR ATTORNEYS**

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that the debtors know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Debtors should also know that they may expect certain services to be performed by their attorney. In order to assure that debtors and their attorney understand their rights and responsibilities in the bankruptcy process, the following guidelines provided by the court are hereby agreed to by the debtors and their attorneys. Unless the Court orders otherwise,

*I. BEFORE THE CASE IS FILED*

   *A. The debtor agrees to:*
   1. Provide the attorney with accurate financial information concerning income and expenses, and assets and liabilities.
   2. Discuss with the attorney the debtor's objectives in filing the case.

*B. The attorney agrees to perform the following "Basic Services":*
   1. Meet with the debtor to review the debtor's assets, liabilities, income, and expenses.
   2. Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.
   3. Advise the debtor of the requirement (and procedures involved) for obtaining a credit counseling certificate and completing the debtor education course.
   4. Advise the debtor of the requirement for providing documentation on income and tax return filings.
   5. Explain what payments will be made directly by the debtor and what payments will be made through the debtor's Chapter 13 plan, with particular attention to mortgage and vehicle loan payments, as well as any other claims which accrue interest.
   6. Explain to the debtor how, when, and where to make the Chapter 13 plan payments.
   7. Explain to the debtor how the attorney's fees and trustee's fees are paid and provide an executed copy of this document to the debtor.
   8. Explain to the debtor that the first plan payment must be made

to
the Chapter 13 Trustee within 30 days of the date the plan is filed.
9. Advise the debtor of the requirement to attend the 341 Meeting of
Creditors, and instruct the debtor as to the date, time and place of the meeting.
10. Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases.
11. Timely prepare and file the debtor's petition, plan, statements
and schedules.

***II. AFTER THE CASE IS FILED***

   ***A. The debtor agrees to:***
       1. Keep the Chapter 13 Trustee and attorney informed of the debtor's address and telephone number.
       2. Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
       3. Contact the attorney promptly if the debtor loses his/her job or
       has other financial problems.
       4. Let the attorney know if the debtor is sued during the case.
       5. Inform the attorney if any tax refunds the debtor is entitled to
       are seized or not returned to the debtor by the IRS or Franchise
          Tax Board.
       6. Contact the attorney before buying, refinancing, or selling real
          property or before entering into any long-term loan agreements,
          to find out what approvals are required.
       7. Pay directly to the attorney any filing fees and expenses that may be incurred.

***B. The attorney agrees to provide the following "Basic Services":***

   1.  Appear at the 341 Meeting of Creditors with the debtor.
   2. Respond to objections to plan confirmation, and where necessary,    prepare an amended plan.
   3. Prepare, file, and serve necessary modifications to the plan which may include suspending, lowering, or increasing plan payments
   4. Prepare, file, and serve necessary amended statements and schedules, in accordance with information provided by the debtor.
   5. Prepare, file, and serve necessary motions to sell or refinance real property when appropriate.
   6. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.

APPLICATION FOR APPROVAL OF ATTORNEYS FEES - 4
Case: 13-30790    Doc# 41    Filed: 09/05/13    Entered: 09/05/13 16:44:49    Page 4 of 6

7. Represent the debtor in motions for relief from stay.
8. Represent the debtor in motions to dismiss or convert.
9. Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.
10. Review annual reports received from the Chapter 13 Trustee.
11. Monitor debtors' submission of annual tax returns to Chapter 13 Trustee.
12. Respond to continuing creditor inquiries.
13. Maintain contact with debtors regarding changes in financial situations during Chapter 13 case.
14. Assist with and ensure debtor's submission of appropriate declarations and other requirements for obtaining discharge.
15. Provide such other legal services as are necessary for the administration of the present case before the Bankruptcy Court.

### III. GUIDELINE FEES

The "Guidelines for Payment of Attorney's Fees in Chapter 13 Cases" for the San Francisco Division provide for maximum initial fees in the following amounts:

$ 3500 for the basic case; and an additional
$ 850 if the case involves real property claims;
$ 500 for each additional parcel of real property with an encumbrance of at least $10,000;
$ 700 if the case involves unfiled tax returns or objections to claims of taxing agencies;
$ 500 if the case involves vehicle loans or leases;
$1500 if the case involves an operating business;
$ 300 if the Debtor has twenty-five or more creditors;
$ 800 if the case involves domestic support claims;
$ 300 if the case involves student loans.
$ 500 if the case involves Motions to Extend Stay;
$ 600 if the case involves Motions to Avoid Lien;

    3. Additional flat fees for services rendered will be automatically approved upon application by counsel, without requiring the submission of time records and without a hearing, as follows:

    a. Plan modifications filed after one year from the petition date: $ 400

    b. Permission to sell or refinance real property (unless the order confirming the plan permits sale or refinance without an order of the court), or for one or more motions to avoid judicial lien(s):
        i. Not requiring court hearing: $ 300
        ii. Requiring court hearing:  $ 450
    c. New motions for relief from the automatic stay, excluding unopposed motions, filed after one year from the petition date:

        i. Regarding personal property: $200
  ii. Regarding real property: $ 350
    d. Motions to dismiss, convert, or reconvert, excluding Chapter 13 Trustee's motions to dismiss regarding plan payments and also excluding unopposed motions: $ 450
    e. Assistance with preparation of tax returns: $200
    f. Motions for plan modifications filed by the Chapter 13 Trustee more than one year after the petition date based on

Case: 13-30790    Doc# 41    Filed: 09/05/13    Entered: 09/05/13 16:44:49    Page 5 of 6

trustee's review of post-confirmation income, excluding
unopposed motions: $ 400
   g. Chapter 13 Trustee's motions to dismiss regarding plan payments filed more than one year after the petition date, but only if counsel appears at the hearing, the motion is later withdrawn and the Debtor has not filed a motion to modify the plan: $200

*IV. ADDITIONAL FEES*

Absent unexpected and unusual circumstances, the Guideline Fees described in Part III are intended to be the only allowed compensation for all those services the attorney agrees to perform under Parts I and II, above. An attorney who seeks fees in excess of the Guideline Fees agrees to apply to the court for approval of such fees and costs, attaching a supporting declaration (with time records) justifying that those fees and costs are merited and have not been compensated through the amounts previously ordered. Reimbursement of advanced court fees shall be awarded independently of other fees and costs. Fees shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor other than the initial retainer. If the debtor disputes the legal services provided or the fees charged by the attorney, an objection may be filed with the court and the matter set for hearing. The attorney may move to withdraw, or the client may discharge the attorney, at any time.

Dated: 6/6/2013
  OLLIE M. FERGUSON/s/
Debtor
Dated:
_____
Debtor
Dated: 6/6/2013
   Richard A. La Cava/s/
      Attorney for Debtor(s)